NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CANO SANTOS-CANO; M. B. S.-D.;
EULALIA DIEGO-MATEO,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-4470

Agency Nos.
A213-282-270
A213-282-269
A213-282-271

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 22, 2026[**]
San Francisco, California

Before: WARDLAW, BRESS, and SANCHEZ, Circuit Judges.

Cano Santos-Cano, his wife Eulalia Diego-Mateo, and their minor child

(Petitioners), natives and citizens of Guatemala, petition for review of a Board of

Immigration Appeals (BIA) decision dismissing their appeal of an Immigration

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Judge's (IJ) order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"To be eligible for asylum," Petitioners must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, they must show "that it is more likely than not" that they will be persecuted if returned to Guatemala "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3). For both forms of relief, Petitioners "must demonstrate a nexus between [their] past or feared harm and a protected ground." *Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146 (9th Cir. 2021).

Here, the IJ found that Petitioners failed to establish a nexus to a protected ground because the masked men who attacked Santos-Cano and demanded payment

were motivated by monetary gain. Assuming without deciding that Petitioners' nexus arguments were not waived, substantial evidence supports the agency's conclusion that Petitioners failed to establish a nexus to a protected ground. Santos-Cano testified multiple times that he was targeted because he owned a business and his attackers wanted money. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). The IJ thus found that "[t]he evidence in the record does not support that the assailants were targeting [Petitioners] based on their race as indigenous Guatemalans, or any of the other proposed groups" and "the attackers' motivation was to target them for extortion," "not due to their races." The BIA credited the IJ's finding that the attackers "were motivated by extortion and financial gain, and not because of [Santos-Cano's] family membership or because his family members are indigenous women." And the BIA ultimately affirmed the IJ's denial of asylum and withholding of removal "because [Petitioners] did not establish that they were persecuted or face[] a well-founded fear of persecution on account of a protected ground." Given Santos-Cano's testimony about the attackers' financial motivation, the attackers' statements that Santos-Cano was "ugly" and "a black" do not compel the conclusion that Petitioners were targeted based on their indigenous status. Because the lack of nexus is dispositive of Petitioners' claims for asylum and

withholding of removal, there is no need for us to address the other issues Petitioners raise as to these claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Petitioners also argue that the IJ erred by not conducting an analysis of whether they were members of a disfavored group in Guatemala. *Cf. Wakkary v. Holder*, 558 F.3d 1049, 1063 (9th Cir. 2009) (explaining the significance of being a member of a disfavored group). However, both the IJ and BIA understood Petitioners to be making a claim based on indigenous status. And we understand both the IJ and the BIA to have rejected that claim because Petitioners' attackers were motivated by money rather than their indigenous status.

Petitioners do not challenge the agency's denial of CAT relief. That claim is accordingly unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION DENIED.**[1]

---

[1] Petitioners' motion to stay removal, Dkt. 2, is denied.